# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **TONYA CROUCH and husband,** | * |
| **KENNETH HAROLD CROUCH,** | * |
| Plaintiffs, | * |
| v. | * No. 3:23-cv-00285 |
| **ACS EXPRESS, INC. and** | * JURY DEMAND |
| **ZAVIER MURRAY,** | * |
| Defendants. | * |
| | |
| **ACS EXPRESS, INC. and** | * |
| **ZAVIER MURRAY,** | * |
| Counterclaim Plaintiffs, | * |
| v. | * |
| **KENNETH HAROLD CROUCH,** | * |
| Counterclaim Defendant. | * |

**DEFENDANT ACS EXPRESS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF KENNETH HAROLD CROUCH**

COMES NOW the Defendant, ACS Express, Inc. ("ACS"), to submit its Answer to Plaintiffs' Complaint [Doc 1-1, PageID #4-9] and Counterclaim as follows:

## FIRST DEFENSE

In response to the specifically enumerated paragraphs of Plaintiffs' Complaint, ACS states as follows:

1. ACS is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. It is admitted that ACS is a corporation organized under the laws of the State of Georgia, that its principal office is located at 8553 Peartree Court, Riverdale, Georgia 30274, and that it may be served with process through its registered agent, Anthony C. Shannon, at 8553 Peartree Court, Riverdale, Georgia 30274.

3. It is admitted that Defendant Zavier Murray ("Murray") is a citizen and resident of Covington, Georgia, and that he may be served with process at 8253 North Sterling Lakes Drive, Covington, Georgia 30014.

4. It is admitted that this Court has subject matter jurisdiction and that venue is proper.

5. It is admitted that Plaintiff Tonya Crouch rode as a passenger in a 2018 Jeep operated by Plaintiff Kenneth Harold Crouch that travelled on the eastbound portion of Interstate 40 in Knoxville, Tennessee on July 9, 2022 and that the vehicle was involved in a collision. All other allegations contained in paragraph 5 of Plaintiffs' Complaint are denied as pled.

6. It is admitted that Murray drove a 2013 Freightliner truck on the eastbound portion of I-40 in Knoxville, Tennessee on July 9, 2022 and that the truck was owned by ACS. All other allegations contained in paragraph 6 of Plaintiffs' Complaint are denied as pled.

7. It is admitted that a collision occurred on July 9, 2022 between the truck driven by Murray and a vehicle driven by James Randall Maxson while both vehicles travelled on the eastbound portion of I-40 in Knoxville, Tennessee on July 9, 2022, and that the vehicle driven by James Randall Maxson collided with the vehicle operated by Plaintiff Kenneth Harold Crouch. All other allegations contained in paragraph 7 of Plaintiffs' Complaint are denied as pled.

8. The allegations contained in paragraph 8 and subparagraphs 8(a)-(j) of Plaintiffs' Complaint are denied as pled.

9. The allegations contained in paragraph 9 of Plaintiffs' Complaint are denied.

10. The allegations contained in paragraph 10 of Plaintiffs' Complaint are denied.

11. The allegations contained in paragraph 11 of Plaintiffs' Complaint are denied.

12. The allegations contained in paragraph 12 of Plaintiffs' Complaint are denied as pled.

13. It is admitted that ACS owned the truck driven by Murray at the time of the July 9, 2022 collision. All other allegations contained in paragraph 13 of Plaintiffs' Complaint are denied as pled.

14. The allegations contained in paragraph 14 of Plaintiffs' Complaint are denied.

15. The allegations contained in paragraph 15 of Plaintiffs' Complaint are denied as pled.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff Kenneth Harold Crouch so carelessly and negligently conducted himself that he, by his own negligence, contributed directly and proximately to Plaintiffs' injuries. Plaintiff Kenneth Harold Crouch's fault is greater than that of ACS, if it is at fault at all, and therefore Plaintiffs should recover nothing from ACS. In the alternative, Plaintiffs' recovery should be reduced in proportion to the percentage of negligence attributable to Plaintiffs under the doctrine of comparative fault.

## FOURTH DEFENSE

Plaintiff Kenneth Harold Crouch's own comparative negligence in failing to exercise due care and/or reasonably operate the motor vehicle he operated at the time of the collision caused or otherwise contributed to Plaintiffs' alleged injuries and bars them from recovery in this case.

## FIFTH DEFENSE

ACS pleads and relies upon the affirmative defense of release. Specifically, Plaintiff Kenneth Harold Crouch executed an enforceable release of claims, which is attached hereto as **Exhibit 1**, on March 25, 2023. Plaintiff Kenneth Harold Crouch's claims are barred as a result of his execution of that release.

## SIXTH DEFENSE

Plaintiffs' claims are or may be barred by waiver, laches, and estoppel, including any applicable equitable, judicial, and/or administrative estoppel.

## SEVENTH DEFENSE

Plaintiff Kenneth Harold Crouch is or may be barred from prevailing on any of his claims due to his prior material breaches of contract or failure to otherwise meet conditions precedent.

## EIGHTH DEFENSE

Plaintiff Kenneth Harold Crouch's claims are or may be barred by the doctrines of accord and satisfaction, payment, acquiescence, unclean hands, and caveat emptor.

## NINTH DEFENSE

Plaintiffs' claims against ACS are barred in whole or in part by the Federal Aviation Administration Authorization Act of 1994, which is encoded at 49 U.S.C. § 14501 *et seq.*

## TENTH DEFENSE

ACS did not breach any duty owed to Plaintiffs. ACS exercised due care and diligence in all of the matters alleged.

## ELEVENTH DEFENSE

No act or omission of ACS' was the proximate cause of any damage, injury, or loss to Plaintiffs.

## TWELFTH DEFENSE

Plaintiffs have failed to mitigate any damages they may have incurred.

## THIRTEENTH DEFENSE

ACS intends to rebut any presumption as to the reasonableness or necessity of Plaintiffs' medical bills under *Tenn. Code Ann.* § 24-5-113. Plaintiffs' alleged medical treatment and corresponding bills were neither necessary nor reasonable.

## FOURTEENTH DEFENSE

ACS asserts that any non-economic damages awarded to Plaintiffs are capped pursuant to *Tenn. Code Ann.* § 29-39-102.

## FIFTEENTH DEFENSE

ACS reserves the right to amend its Answer to include such other and further defenses that may later become apparent through further investigation and discovery.

## SIXTEENTH DEFENSE

All allegations not heretofore admitted, explained, or denied are here and now denied as set forth as though specifically denied therein.

## COUNTERCLAIM

Now, having answered Plaintiffs' Complaint, ACS (hereinafter "Counterclaim Plaintiff") now assumes the role of Counterclaim Plaintiff and sues Counterclaim Defendant Kenneth Harold Crouch as follows:

## PARTIES

1. Counterclaim Plaintiff is a corporation organized under the laws of the State of Georgia and its principal place of business is located in the State of Georgia.

2. Upon information and belief, Counterclaim Defendant is a citizen and resident of Putnam County, Tennessee and resides at 319 Green Springs Road, Cookeville, Tennessee 38506. Counterclaim Defendant may be served through his counsel of record in this case, Edward M. Graves III, whose office is located at 17 South Jefferson Avenue, Cookeville, TN 38501.

**JURISDICTION AND VENUE**

3. This Court may exercise personal jurisdiction over Counterclaim Defendant and venue is proper.

4. This Court has subject matter jurisdiction because of the diversity of citizenship among the parties.

**FACTS**

5. On July 9, 2022, a collision occurred on the eastbound portion of I-40 in Knoxville, Tennessee involving vehicles driven by Counterclaim Defendant and Murray.

6. On March 25, 2023, Counterclaim Defendant entered into a legally binding agreement entitled "RELEASE OF ALL CLAIMS," which is attached to this pleading as **Exhibit 1**.

7. In pertinent part, that agreement provides as follows:

I, Kenneth Crouch, ("Releasor"), for the sole consideration of $5,500.00 (inclusive of the lien to be paid directly to Cookeville Regional Medical Center in the amount of $2354.00) to be paid in accordance with the terms of this Release, do hereby for myself and for my heirs, executors, administrators, successors and assigns release, acquit and forever discharge Acs Express Inc, Zavier Murray, Trisura Specialty Insurance Company, Athens Program Insurance Company, and any and all of their agents, servants, successors, heirs, executors, administrators and all other persons, employees, corporations, subsidiaries, affiliates, firms, predecessors and successors in interest ("Releasees"), of and from any and all claims, actions, causes of action, liens or conditional payments, demands, rights, damages, costs, loss of service, expense and compensation whatsoever, of every name and nature, known or unknown, which the Releasor now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen or unforeseen bodily and personal injuries, illnesses and property damage and the

- 6 -

Case 3:23-cv-00285-TAV-DCP   Document 14   Filed 09/07/23   Page 6 of 9   PageID #: 52

consequences thereof resulting from or arising out of an accident or incident which occurred on or about 7/9/2022 at or near Knoxville, TN ("the Incident").

Releasor recognizes that the consideration referred to above is intended to effectuate the compromise of a doubtful and disputed claim, and is not to be construed as an admission of liability on the part of any of the Releasees. Releasor further recognizes that any injuries or illness sustained in the Incident are or may be permanent and progressive and that the recovery from said injuries or illness is uncertain and indefinite, and in entering into this Release is not relying on any statement of any of the Releasees with respect to the nature, extent, or duration of said injuries. Releasor understands and agrees that he/she is responsible for payment of all outstanding and future bills for any care or services associated with any injuries or illnesses arising from or relating to the Incident. Releasor further declares and represents that no promise, inducement or agreement not herein expressed has been made to Releasor and acknowledges that the terms of this Release are contractual and not a mere recital.

(Exhibit 1).

8. On June 23, 2023, Counterclaim Defendant filed this lawsuit in the Circuit Court for Knox County, Tennessee seeking damages for loss of consortium.

9. As a result of Counterclaim Defendant filing this lawsuit, Counterclaim Plaintiff has been forced to defend itself against claims that have been contractually released by Counterclaim Defendant, which has resulted in damages.

## CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

10. Counterclaim Plaintiff restates and incorporates by reference herein all allegations contained in paragraphs 1 through 9 of this Counterclaim.

11. Counterclaim Defendant entered into a binding and legally enforceable contract when he executed the agreement entitled "RELEASE OF ALL CLAIMS."

12. Counterclaim Defendant breached that agreement by filing this lawsuit, which seeks the recovery of damages for claims that have been released by Counterclaim Defendant.

13. As the result of Counterclaim Defendant's breach of the agreement, Counterclaim Plaintiff has been forced to defend itself against claims that were contractually released by Counterclaim Defendant.

14. Counterclaim Plaintiff has incurred damages as a result of Counterclaim Plaintiff's breach of the agreement, which it is entitled to recover under Tennessee law.

**WHEREFORE,** having answered Plaintiffs' Complaint [Doc 1-1, PageID #4-9], and having asserted its Counterclaim, Defendant/Counterclaim Plaintiff respectfully prays for the following relief from this Honorable Court:

1. That Plaintiffs' claims be denied and dismissed with prejudice;

2. That this case be tried before a jury;

3. That this Court enter judgment in favor of Defendant/Counterclaim Plaintiff in an amount to be determined by a jury; and

4. For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Michael J. Petherick
**SEAN W. MARTIN, BPR #020870**
**MICHAEL J. PETHERICK, BPR #036155**
Attorneys for ACS
736 Market St., Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869
swmartin@carrallison.com
mpetherick@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2023, I electronically filed **DEFENDANT ACS EXPRESS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF KENNETH HAROLD CROUCH** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Edward M. Graves III | John T. Johnson, Jr. |
| Edward M. Graves III Law Office | Kramer Rayson LLP |
| 17 South Jefferson Avenue | P.O. Box 629 |
| Cookeville, TN 38501 | Knoxville, TN 37901-0629 |

**CARR ALLISON**

BY: /s/ Michael J. Petherick
**SEAN W. MARTIN, BPR #020870
MICHAEL J. PETHERICK, BPR #036155**